# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. AGUIRRE,<br><br>                Plaintiff,<br><br>   v.<br><br>U.S. NUCLEAR REGULATORY COMMISSION,<br><br>                Defendant. | Case No. 19-cv-1102-BAS-BLM<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>**[ECF No. 7]** |

     Plaintiff Michael Aguirre filed a complaint against Defendant United States Nuclear Regulatory Commission ("NRC"). In sum, in May 2019, Plaintiff requested documents from NRC pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff seeks a declaratory judgment that the NRC's failure to respond to his requests was unlawful, an order compelling the NRC to release the documents, and attorney's fees. ("Compl.," ECF No. 1.)

## I. FACTUAL ALLEGATIONS

     Plaintiff alleges safety violations are occurring on a nuclear site in San Diego, California that the NRC is charged with overseeing. (Compl. ¶ 4.) In May 2019, Plaintiff sent the NRC a request to produce "any records or communications related to the documents the NRC has referred to the nuclear waste owner, Southern

1  California Edison (SCE), as a result of FOIA requests related to the safety violations
2  occurring at San Onofre nuclear waste site in San Diego, CA." (*Id.* ¶ 17.) The NRC
3  assigned the request the identification number NRC-2019-000304. (*Id.*) On June 11,
4  2019, the NRC told Plaintiff that, "[w]henever records received from a licensee are
5  determined to be responsive to a FOIA request, in accordance with the FOIA, 5
6  U.S.C. 552 and Executive Order 12,600, our office informs the licensee of the FOIA
7  request and solicits their views respecting their proprietary (or other) interests in the
8  records." (*Id.* ¶ 19.) Because the NRC determined that records responsive to
9  Plaintiff's requests were from a licensee, it referred the records to the licensee
10 Southern California Edison ("SCE"). The NRC stated that SCE was reviewing the
11 records, and "[t]he disposition of these records will be provided in our agency's
12 response to the respective FOIA requests." (*Id.*) "To the extent our office has
13 received SCE's input as to the nature of their interests (if any) in the records, such
14 input will be considered, along with NRC staff's disclosure recommendations, by the
15 FOIA Officer in making her disclosure determination on the SCE records." (*Id.*)

Plaintiff challenges this action, arguing that the NRC should not have "request[ed] permission" from SCE (the "nuclear waste owner") before releasing the documents. (*Id.* ¶ 20.) Plaintiff filed this suit in June 2019. Defendant moves to dismiss the complaint for failure to state a claim (based on lack of exhaustion of administrative remedies) and for lack of jurisdiction (based on mootness). ("Mot.," ECF No. 7.) Plaintiff opposes the Motion. ("Opp'n," ECF No. 8.)[1]

The Court held oral argument on this Motion on February 18, 2020. For the

---

[1] Defendant filed a declaration and exhibits as a part of its Motion to Dismiss. (ECF No. 7-2.) Defendant does not provide a reason why the Court may consider such documents at the motion to dismiss stage. In any event, the Court did not consider the documents in evaluating Defendant's Motion.

Further, Plaintiff requests the Court take judicial notice of a news article. (ECF No. 8-1.) Plaintiff states the article should be noticed because "it is critical that the Court understand" the NRC's actions related to SCE. (*Id.* at 1.) The Court did not consider the article in analyzing the Motion, therefore the Court **DENIES AS MOOT** Plaintiff's request for judicial notice.

reasons discussed below, the Court **GRANTS** Defendant's Motion to Dismiss, (ECF No. 7).

## II. LEGAL STANDARD

A complaint must plead sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

## III. ANALYSIS

"FOIA gives individuals a judicially-enforceable right of access to government agency documents." *Lion Raisins v. Dep't of Agric.*, 354 F.3d 1072, 1079 (9th Cir. 2004), *overruled on other grounds by Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987, 990 (9th Cir. 2016). FOIA provides, among other things, that "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the

time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A). However, exhaustion of administrative remedies is a prerequisite to filing a lawsuit under FOIA "so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 61 (D.C. Cir. 1990). "If the records requester fails to exhaust administrative remedies, the lawsuit may be dismissed for lack of subject matter jurisdiction." *Parker v. U.S. Dep't of Justice*, No. CIV S-10-0065 KJM, 2012 WL 864784, at *10 (E.D. Cal. Mar. 13, 2012) (citing *In re Steele*, 799 F.2d 461, 466 (9th Cir. 1986).

The NRC moves for dismissal on the grounds that Plaintiff has failed to exhaust administrative remedies before filing suit. The NRC argues that Plaintiff did not exhaust his administrative remedies because he submitted his request on May 28, 2019, the agency responded on June 11, 2019, and Plaintiff filed his complaint the very next day without filing an administrative appeal. (Mot. at 4.) "[A] requester under FOIA must file an administrative appeal within the time limit specified in an agency's FOIA regulations or face dismissal of any lawsuit complaining about the agency's response." *ExxonMobil Corp. v Dept. of Commerce*, 828 F. Supp. 2d 97, 104 (D.D.C. 2011) (citing *Oglesby*, 920 F.2d at 65 n.9). Plaintiff does not seem to dispute that he did not file an administrative appeal, instead, he argues that the Court can exercise jurisdiction over this case even if he did not exhaust, and that exhaustion would be futile. (Opp'n at 13–15.)

### A. Court Waiver of Exhaustion

Exhaustion under FOIA is a jurisprudential consideration, rather than a jurisdictional one. *Yagman v. Pompeo*, 868 F.3d 1075, 1083 (9th Cir. 2017). Plaintiff requests that the Court waive the exhaustion requirement. (Opp'n at 13.) Generally, courts may waive exhaustion in cases where "where a claimant's interest in having a particular issue resolved promptly is so great that deference to the agency's judgment

is inappropriate." *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976). Plaintiff cites no cases where a court waived administrative exhaustion in a FOIA case.

The purpose of the exhaustion doctrine is to allow "the opportunity for the *agency* to exercise its discretion and expertise and the opportunity to make a record for the district court to review." *In re Steele*, 799 F.2d at 466. Waiving exhaustion deprives the agency of this opportunity. *See Facebook Inc. & Subsidiaries v. I.R.S.*, No. 16-cv-5884-LB, 2017 WL 2630086, at *7 (N.D. Cal. June 19, 2017). When possible, agencies should be given a chance to fully analyze FOIA requests without court involvement.

Plaintiff argues that the NRC has engaged in "collusive behavior and evasive tactics" and therefore the Court should not require him to exhaust. (Opp'n at 15.) This argument is illogical—how can Plaintiff contend that the NRC is evading his request when he barely gave it a chance to respond to him in the first place? The point of administrative exhaustion is to allow the NRC to review Plaintiff's case, respond to him, and form a record. If Plaintiff does not allow this to happen, he cannot seriously argue that the NRC is stonewalling him or not properly responding to his requests. The Court finds no reason to waive the administrative exhaustion requirement.

**B.  Futility of Exhaustion**

Plaintiff next argues that exhaustion of remedies would be futile. (Opp'n at 15.)  A claimant can show futility of administrative review if he shows that "[r]equiring him to exhaust administrative remedies would not serve the policies underlying exhaustion." *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987). Specifically, courts are empowered to find futility where the claimant demonstrates that there is "nothing to be gained from permitting the compilation of a detailed factual record, or from agency expertise.'" *Id.* (quoting *Bowen v. City of New York*, 476 U.S. 467, 485 (1986)). "[T]he futility exception to the exhaustion requirement should not be applied where the agency has not had an opportunity to develop a

record." *Joint Bd. of Control of Flathead, Mission & Jocko Irrigation Dists. v. United States*, 862 F.2d 195, 200 (9th Cir. 1988).

Plaintiff argues exhaustion would be futile because the "NRC's actions illustrate collusion with the nuclear waste owner" in allowing the owner "to decide which records should be disclosed to the public." (Opp'n at 16–17.) However, Plaintiff does not dispute that the NRC has released some documents in response to his request. (*Id.* at 17.) Plaintiff argues that the NRC continues to improperly withhold some documents, but this does not show that there is no point in the Court permitting the NRC to compile a detailed factual record. Nor can the Court find that it would have been futile for Plaintiff to appeal the NRC determination or at least wait for the NRC to produce documents before filing suit. Plaintiff has not established futility.

## IV. CONCLUSION

Plaintiff has failed to exhaust his administrative remedies before filing this suit.[2] Therefore, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's case. The Court grants Plaintiff leave to amend <u>to the extent he can show</u> that he has sufficiently exhausted his administrative remedies. Any amended complaint must be filed within 21 days of the date of this order. Failure to file an amended complaint by this time will result in this case being dismissed.

**IT IS SO ORDERED.**

**DATED: February 18, 2020**

Hon. Cynthia Bashant
United States District Judge

---

[2] Because the Court makes this finding, it need not address Defendant's argument that Plaintiff's case is moot because the NRC already produced responses.