UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| MICHAEL J. AGUIRRE, | Case No. 19-cv-01102-BAS-BLM |
|---|---|
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH PREJUDICE** |
| v. | |
| U.S. NUCLEAR REGULATORY COMMISSION, | **[ECF No. 18]** |
| Defendant. | |

Before the Court is Defendant U.S. Nuclear Regulatory Commission's ("NRC") Motion to Strike and Motion to Dismiss Plaintiff's First Amended Complaint, or in the alternative, Motion for Summary Judgment ("Motion"). (ECF No. 18.) For the reasons explained below, the Court **GRANTS** NRC's Motion and **DISMISSES** this action with prejudice.

**I.  BACKGROUND**

Plaintiff filed this action on June 12, 2019 under the Freedom of Information Act ("FOIA"), seeking an order compelling production of records from NRC in response to Plaintiff's FOIA request about safety violations at the San Onofre Nuclear Waste Plant. (Compl., ECF No. 1.)  After oral argument, the Court dismissed the Complaint because Plaintiff had failed to exhaust administrative remedies or show that waiver of exhaustion was warranted.  (Order Granting Mot. to Dismiss ("Order") at 4–5, ECF No. 15.)  The Court

granted Plaintiff leave to amend "to the extent he [could] show that he has sufficiently exhausted his administrative remedies." (*Id.* at 6.)

Plaintiff then filed a First Amended Complaint ("FAC") on March 10, 2020. (ECF No. 17.) The FAC seeks to compel disclosure of the original FOIA request that was the subject of Plaintiff's Complaint and three additional FOIA requests. (FAC ¶ 10.) NRC's FOIA officer confirms that Plaintiff has not administratively appealed the responses to any FOIA requests that are the subject of his FAC. (Decl. of Tina Ennis in supp. of Def.'s Mot. ¶ 9, ECF No. 18-1.) In response, Plaintiff once again does not dispute that he has not filed any administrative appeals. Instead, Plaintiff alleges that his conversations with NRC's FOIA officers and legal counsel constitute administrative exhaustion (FAC ¶¶ 78–93), and, in the alternative, rehashes much of the same waiver and futility arguments regarding exhaustion that were stated in his original Complaint and rejected by the Court. (*See id.* ¶¶ 94–99 (alleging collusion, NRC's failure to produce any responses, and its use of the appeals system to "prolong the process and delay production" with no intention to grant the requests).)

## II. DISCUSSION

The Court addresses each of Plaintiff's arguments in turn. First, as NRC notes, Plaintiff's meet-and-confer exchanges with legal counsel do not constitute exhaustion of the administrative process. Second, the Court previously rejected Plaintiff's remaining arguments regarding NRC's alleged collusion and nonresponsiveness as a basis for waiver. (*See* Order at 4–5.) Lastly, Plaintiff's conclusory allegation that the NRC's appeals system is not a meaningful administrative process but rather a delay tactic is unsupported by any factual content and does not allow the Court to draw any reasonable inferences in Plaintiff's favor regarding the futility of that process. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, the Court concludes that Plaintiff has once again failed to satisfy the exhaustion requirement.

The Court previously made clear that Plaintiff's failure to administratively appeal constituted a failure to exhaust administrative remedies in this case and was not subject to

waiver. (Order at 4–5.) Since Plaintiff has still not administratively appealed his claims, and has still stated no sufficient basis for waiver, the Court once again finds dismissal of this action appropriate. *See Teplitsky v. Dep't of Justice*, 127 F.3d 1106 (9th Cir. 1997) (affirming district court's dismissal for nonexhaustion where plaintiff "did not administratively appeal the initial denial of his FOIA request").

The Court also made clear that its decision to grant leave to amend was conditioned on Plaintiff's ability to demonstrate exhaustion. (Order at 6.) Therefore, because Plaintiff filed his FAC without exhausting administrative remedies, he failed to comply with Court orders. This forms an additional basis for dismissal. *See Kishor v. Geaghty*, 176 F. App'x 827 (9th Cir. 2006) (holding that district courts can dismiss actions when parties "failed to comply with court orders and the rules of procedure requiring him to amend his complaint to include only those claims for which he had exhausted administrative remedies prior to suit") (citing Fed. R. Civ. P. 41(b)).

### III.  CONCLUSION AND ORDER

Accordingly, the Court **GRANTS** NRC's Motion to Dismiss the FAC (ECF No. 18) and **DISMISSES WITH PREJUDICE** the FAC for failing to exhaust administrative remedies and, by extension, failing to comply with Court orders. The Clerk is instructed to close the case.

**IT IS SO ORDERED.**

**DATED: May 1, 2020**

Hon. Cynthia Bashant
United States District Judge